IN THE U ITED STATES FEDERAL COURT

NORTHERN DISTRICT OF ILLINOIS

F I L E D

MAR 17 2020

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Letitia Johnson                    Case No.… 19 cv 07117

v                             Judge John J Tharpe Jr

Thomas Belczak

Christopher Cieniawa              Reserve the Right to Amend

Shapiro Kreisman & Associates, LLC

2121 Waukegan Road, Ste 301

Bannockburn, Il 60015

Wells Fargo Bank N.A.

**AMENDED**

## 2.0 MILLION DOLLAR CIVIL COMPLAINT FOR WRONGFUL FORECLOSURE AND BREACH OF CONTRACT

[ "Cujusque Rei Potissima Pars"][The Principle Part Of Everything Is In The Beginning]

COMES NOW, Letitia Johnson, proceeding *in propia persona*, and files her civil lawsuit for wrongful foreclosure on the property located at 10550 s La Salle Chicago Illinois 60628 Plaintiff demands that his *Pro se* status be recognized, and treated by the Court as The United States Supreme Court, and US District Courts have held such status be recognized and treated. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers". *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L.Ed.2d 652 (1972); see also *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L.Ed.2d 251 (1976); *Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir.1989). "We hold pro se pleadings to a less stringent standard than pleadings drafted by attorneys and construe them liberally". *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curium). The exact accounting of the accounting entries are not provided because the original promissory note was bundled and sold in the securitization process. The Original Promissory note that evidences the alleged debt was never

provided in the foreclosure paperwork to verify a loan was made. The promissory note includes the interest rate, the payment amounts and terms, it will have the signatures of the parties to the contract, and the buyer's promise to pay the lender the amount borrowed plus interest. The wrongful foreclosure is Void, as it did not contain the legal documents to verify a loan, the terms, amount loaned, or any documentation signed by the lender to verify a loan was provided to the plaintiff. There is no admissible evidence to verify the lender signed a contract to provide a loan, and therefore State Court did not have jurisdiction to rule. The mere fact the lender accepted the borrower's name on the lien to the property will prove the borrower owned the property free and clear. The attorney is acting as a "Foreign Agent" for a "Foreign State" (Corporation) who has commenced this action in violation of the 11th Amendment and in violation of 22 USC 611. The plaintiff hereby complain and allege as following claims for relief under "Civil Rico" Federal Racketeering laws (Title 18 U.S.C. 1964) as the lender has established a "pattern of racketeering activity" by using the U.S. Mail more than twice to collect an unlawful debt and the defendants are in violation of Title 18 U.S.C. 1341, 1343, 1961 and 1962. The defendants have obstructed the administration of Justice, and violated the Plaintiff's right to "Due Process"

### Jurisdiction:

The Constitution and 28 U.S.C. § 1332 vest federal courts with jurisdiction to hear cases that "arise under" federal law. The Constitution vests federal courts with the authority to hear cases "arising under th[e] Constitution [or] the Laws of the United States." U.S. Const. art III, § 2. Congress vests federal district courts with subject-matter jurisdiction over cases involving questions of federal law: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

### Reservation of Rights:

"I reserve my right not to be compelled to perform under any contract, commercial agreement or bankruptcy that I did not enter knowingly, voluntarily, and intentionally. And furthermore, I do not and will not accept the liability of the compelled benefit of any unrevealed contract or commercial agreement or bankruptcy." I have reserved my rights under the UCC 1-308, formerly 1-207, and demand the statutes used in this court be construed in harmony with Common Law.

The code is complimentary to the common law, which remains in force, except where displaced by the code. A statute should be construed in harmony with the common law, unless there is a clear legislative intent to abrogate the common law. The code was written as not to abolish the common law entirely. I was not involved with an international maritime contract, so in good faith, I deny that such a contract exists, and demand the court proceed under Common Law Jurisdiction. I'm only aware of two jurisdiction the court can operate under as per the Constitution, and those jurisdiction are Common Law, and Admiralty Jurisdiction. If the court chooses to proceed under Admiralty Jurisdiction, I' will need the court to inform me where I' can find the rules of procedures for admiralty jurisdiction for my review, to avoid a violation of my due process, which will result in a civil claim against the court for obstruction of the administration of justice.

### Facts of The Dispute:

a. The fact the defendant's filed wrongful foreclosure lawsuit in State court against the plaintiff will verify the defendant's contracted to provide a loan to the plaintiff, and the defendant's owed a legal duty to the plaintiff.

b. The defendant's duty was breached because they never provided a loan to the plaintiff.

c. The alleged loan was an exchange, of the plaintiff's signed promissory note for electronic credits from Federal Reserve.

d. Promissory Notes and other commercial instruments are legal tender and financial assets to the originator and a liability to the lender. UCC §1-201(24), §3-104, §3-306, §3-105, UCC §§8-102 (7), (9), (15), (17), §8-501, §8-503, §8-511, UCC §§9-102(9), (11), (12)(B), (49), (64), 12 USC 1813(l)(1).

e. The defendant's accounting records will show the corporation has an offsetting liability to the homeowner pursuant to FAS 95, GAAP and Thrift Finance Reports (TFR), and the alleged loan was always an asset to the defendant's.

f. These records include: a. FR 2046 balance sheet, b. 1099-OID report, c. S-3/A registration statement, d. 424-B5 prospectus and, e. RC-S & RC-B Call Schedules.

g. The corporation never registered the commercial instrument because they knew it was a financial asset to the debtor, and there was a breach.

h. The breach of contract has damaged the plaintiff in the following manner, and plaintiff is demanding compensatory damages to reimburse the plaintiff for costs associated with the injury. All of the monthly payments made on a fake loan plus interest for the number of year's payments were made, legal expenses.

i. Plaintiff also demand punitive damages as a remedy for the defendant's conduct that was intentional and excessively reckless. The wrongful foreclosure has cause negative affect on plaintiff's credit report. I LETITIA JOHNSON reserve the right to add damages later

j. The plaintiff also has other claims for relief because he will prove there was or a conspiracy to deprive him of property without the administration of justice, in violation of plaintiff's due process of law under Title 42 U.S.C. 1983 (Constitutional injury), 1985 (Conspiracy) and 1986 ("Knowledge" and "Neglect to Prevent" a U.S. Constitutional Wrong).

k. Under Title 18 U.S.C.A. 241 (Conspiracy), violators "shall be fined not more than $10,000 or imprisoned not more than ten (10) years or both." **The foreclosing party lacked standing to foreclose** because the alleged loan was created with the homeowner's signature on the promissory note the bank sold to the Federal Reserve for unlawful electronic credits.

**1. In this case the signature on the foreclosure petition shows the attorney initiated the foreclosure without standing.**

m. Original Contract with the signatures of both the alleged borrower, and the lender have never been filed in court to verify there was a bilateral contract.

n. Without a certification of the accounting entries of the defendants cannot verify there was any debt.

o. The attorney cannot verify agency and therefore the foreclosure lawsuit has a fatal flaw. The foreclosure was filed showing the lender as the plaintiff, however one from the lenders corporation signed the foreclosure documents.

p. There is no witness before the court to give the court jurisdiction.

q. The affidavit is defective as it is 3rd party hearsay and cannot be admitted as evidence at trial.

r. The attorney is not legal before the court because they have not registered with The foreign agent registration act, (F.A.R.A.).

Plaintiff's claims are brought forward Under Common Law:

### Elements for Common Law:

1. Controversy (The listed defendants)

2. Specific Claim (wrongful foreclosure)

3. Specific Remedy Sought by Claimant (2.0 million dollars)

4. Claim Is Sworn To (Affidavit of Verification attached), and I will verify in open court that all herein be true.

### I. PARTIES:

1.1 Letitia Johnson is a resident of Cook County, Illinois

1.2 The first defendant is the Christopher Cieniawa, Thomas Belczak

1.3 The second defendant is Shapiro Kreisman & Associates LLC

1.4 The third defendant is Wells Fargo Bank N.A.

### II. FACTUAL ALLEGATIONS AND FIRST CLAIM: BREACH OF CONTRACT

2.1 On or about April 13, 2006 the plaintiffs purchased a home and obtained a mortgage loan from the Wells Fargo Bank N.A. in the approximate amount $137,000.00.

2.2 The plaintiff was never provided a loan, plaintiff's signed promissory note was the source of the electronic credits claimed to be a loan to plaintiff.

2.3 The alleged loan was created with plaintiff's signature because all commercial instruments such as promissory notes, credit agreements, bills of exchange and checks are defined as legal tender, or money, by the statutes such as 12 USC 1813(l)(1), UCC §1-201(24), §3-104, §8-102(9), §§9-102(9), (11), (12)(B), (49), (64).

2.4 **These statutes define a promissory note or security to be negotiable (sellable) because it is a financial asset. This is necessary because contracts requiring lawful money are illegal pursuant to Title 31 USC §5118(d) (2). All debts today are discharged by promises to pay in the future.**

2.5 Federal Reserve notes are registered securities and promises to pay in the future. They are secured by liens on promissory notes of collateral owned by real people.

2.6 The statutes do not provide the Federal Reserve Corporation a monopoly on promissory notes, as debt collectors insist.

2.7 Plaintiff's signature created the promissory note in dispute, and it was sold to the Federal Reserve in exchange for plaintiff's signed note.

2.8 Plaintiff's promissory note never became a registered security, and a financial asset that can be negotiated because for a commercial instruments to be legal tender, they must be secured by a maritime lien on a prepaid trust account recorded at the county and registered on a UCC1. It then becomes a registered security and a financial asset that can be negotiated.

2.9 The defendant's further complicated the fraudulent process by selling their payables to another entity to remove it from their balance sheet.

3.0 **This is called securitization or off-balance sheet financing.** No loan was provided to the plaintiff, and the defendant's failed to file evidence on the record to prove a contract existed.

3.1 The original contract and an accounting of the loan entries was never filed in the wrongful foreclosure case that was filed against plaintiff's property.

## III. SCHEME TO DEFRAUD:

3.1 The contract should be rescinded because the defendant did not provide full disclosure, the contract is extremely deceptive and unconscionable, In re Pearl Maxwell, 281 B.R. 101

3.2 The Truth in Lending Act, Regulation Z, 12 CFR §226.23, states that the security agreement signed with a lender can be rescinded if they have not provided the proper disclosures. The original debt was actually zero because the Plaintiff's financial asset was exchanged for FED's promissory notes in an even exchange.

3.3 Promissory Notes and other commercial instruments are legal tender and financial assets to the originator and a liability to the lender. If a security interest in the note is perfected, by recording it on a lien as a registered security, the maker or originator becomes an entitlement holder in the asset. **But the defendant's do not understand that they have this liability because most people are unaware of it.**

a. UCC §1-201(24), §3-104, §3-306, §3-105,

b. UCC §§8-102 (7), (9), (15), (17), §8-501, §8-503, §8-511

c. UCC §§9-102(9), (11), (12)(B), (49), (64)

d. 12 USC 1813(l)(1)

3.4 The defendant's records will show the defendants have an offsetting liability to the plaintiff pursuant to FAS 95, GAAP and Thrift Finance Reports (TFR).

These records include:

a. FR 2046 balance sheet,

b. 1099-OID report,

c. S-3/A registration statement,

d. 424-B5 prospectus and

e. RC-S & RC-B Call Schedules

3.5 The defendant's never registered the plaintiff's signed promissory note (commercial instrument), because they know it is showing as a financial asset on their books.

3.6 The defendant's did not register the promissory note to establish a security interest in the financial asset to take the position of a secured creditor.

3.7 The promissory note is not listed on a maritime lien against the prepaid trust account and filed with the county recorder and put on a UCC1.

a. §8-102(13), §9-203; §9-505, §9-312

b. 46 USC §§31321, 31343, 46 CFR 67.250, §9-102(52), §9-317, §9-322

3.8 Plaintiff demanded the original foreclosure claim to be set off for recoupment, and to have the assets cancel out the liabilities according to:

a. FAS 140, §3-305, §3-601, §8-105, §9-404

3.9 It is a violation of both State and Federal law for a bank to sell an unregistered note that is a security that violation provides a right to rescission of the contract pursuant to Statutes.

## IV. DETRIMENTAL RELIANCE:

Detrimental reliance is a legal concept under the law of contracts. Ordinarily, a valid contract requires a proper exchange of consideration between the parties.

The plaintiff alleges facts establishing detrimental reliance:

4.1 The wrongful foreclosure case (that is the result of these claims) filed against the plaintiff in State Court will verify a. A promise was made between the parties. b. The plaintiff reliance on the promise was reasonable or foreseeable. c. There was actual and reasonable reliance on the promise. d. The reliance was detrimental. Injustice can only be prevented by enforcing the promise

4.2 The plaintiff signed a lien against his property in return for a loan and no loan was ever provided.

4.3 The plaintiff was tricked into repaying 1181.00 a month plus taxes for 30 years, when there was never any loan provided.

4.4 The unlawful lien against the plaintiff's property blocked her from selling the property and moving her family into a nicer home.

4.5 The payments made to the defendant's interfered with the Plaintiff opening her new business, providing for her children's education because of the payments made to the defendants for the fake loan.

4.6 The payments to the defendant's for the fake loan caused the plaintiff to be short of money to pay bills on time which caused the plaintiff's credit score to drop, which blocked plaintiff from getting the best financing, jobs, and plaintiff has even blocked from qualifying for housing and credit cards.

## V. THIRD CLAIM UNLAWFUL DECEPTION IN THE ORIGINAL FORECLOSURE CASE:

4.1 The promissory note used to gain the court's jurisdiction in the wrongful foreclosure is fraudulent, the document was used in court as a security when it was never registered.

4.2 The Original promissory note signed to lien the property was the real source of the alleged loan.

4.3 Fact is the money the bank is claiming was a loan was generated by the plaintiff's signature.

## VI. FOURTH CLAIM RICO:

5.1 In a Debtor's RICO action against its creditor, alleging that the creditor had collected an unlawful debt, an interest rate (where all loan charges were added together) that exceeded, in the language of the RICO Statute, "twice the enforceable rate," the Court found no reason to impose a requirement that the Plaintiff show that the Defendant had been convicted of collecting an unlawful debt, running a "loan sharking" operation.

5.2 The debt included the fact that exaction of a usurious interest rate rendered the debt unlawful and that is all that is necessary to support the Civil RICO action. Durante Bros. & Sons, Inc. v. Flushing Nat. Bank, 755 F.2d 239, cert. denied, 473 US 906 (1985).

5.3 The Supreme Court found that the Plaintiff in a civil RICO action need establish only a criminal "violation" and not a criminal conviction. Further, the Court held that the Defendant need only have caused harm to the Plaintiff by the commission of a predicate offense in such a way as to constitute a "pattern of Racketeering activity." That is, the Plaintiff need not demonstrate that the Defendant is an organized crime figure, a mobster in the popular sense, or that the Plaintiff has suffered some type of special Racketeering injury; all that the Plaintiff must show is what the Statute specifically requires.

5.4 The RICO Statute and the civil remedies for its violation are to be liberally construed to effect the Congressional purpose as broadly formulated in the statute. Sedima, SPRL v. Imrex Co., 473 US 479 (1985)

## VII. FIFTH CLAIM: WRONGFUL FORECLOSURE

6.1 As a proximate result of the negligent or reckless conduct of Wells Fargo Bank N.A. and the attorneys Foreclosure Services the homeowners' credit has been impaired the homeowners face the eminent loss of their property despite the fact the bank never made them a loan.

6.2 The foreclosing party did not have standing to file foreclosure because they have not filed evidence on the court record to verify a loan was made and or what the amount and terms of the alleged loan stated.

a "Fatal Flaws" robbed the court of Jurisdiction and the wrongful foreclosure is unlawful. "Jurisdiction can be challenged at any time." and "Jurisdiction, once challenged, cannot be assumed and must be decided." Basso v. Utah Power & Light Co., 495 F 2d 906, 910.

6.3 The plaintiff is seeking damages for wrongful foreclosure, and he has shown that (1) there was an irregularity in the foreclosure sale and (2) the irregularity caused the plaintiff damages. See University Sav. Ass'n v. Springwoods.

6.4 In this case there is no witness to provide jurisdiction to the court.

6.5 Unless enjoined, the plaintiffs will suffer irreparable harm and will not have an adequate remedy at law.

6.6 As a proximate result of the negligent actions of both defendants, the plaintiffs have suffered consequential damage and will continue to suffer additional damage in an amount to be fully proved at the time of trial.

## VIII. SIXTH CLAIM: SLANDER OF TITLE

7.1 The defendants have caused to be recorded various documents including a an unlawful foreclosure which constitutes slander of title and the plaintiff should be awarded resulting damages to be fully proved at the time of trial.

## VIII. SEVENTH CLAIM: VIOLATION OF THE CONSUMER PROTECTION ACT

8.1 The defendants have engaged in a pattern of unfair practices in violation of the Illinois Statutes 815 ILCS 505/1 Consumer Protection Act, et seq. entitling the plaintiff to damages, treble damages and reasonable attorney fees and costs pursuant to the statute.

## IX. EIGHT CLAIM: SLANDER OF CREDIT

9.1 The plaintiff allege that the actions and inactions of the defendants have impaired their credit causing them to lose the ability to have good credit entitling them to damages, including statutory punitive damages pursuant to state and federal law, all to be proved at the time of trial.

## X. NINTH CLAIM INFLICTION OF EMOTIONAL DISTRESS

10.1 The defendants have intentionally or negligently taken actions which have caused the plaintiffs severe emotional distress.

## XI. THE ALLEGED LOAN:

11.1 The exact monthly payments of the alleged mortgage loan varied according to property taxes and other fees paid but a typical monthly payment was $1108.00 including reserves for the payment of taxes and insurance.

11.2 Beginning in May or June 2007 and continuing until February 2017 the plaintiffs made payments to Wells Fargo Bank NA.

11.3 In early February 2017 Wells Fargo Bank NA claimed the plaintiff was behind on payments and hired Foreclosure attorney to file a foreclosure claim against the plaintiff.

11.4 On March 28, 2017 the foreclosure complaint was served on the plaintiff.

11.5 Wells Fargo Bank NA and/or the attorney operating the Foreclosure Services transmitted to various credit reporting agencies, including Equifax, false adverse information about the plaintiff, causing his credit to be impaired.

## XII. LAWFUL CHALLENGE

The wrongful foreclosure action had no injured party and therefore damages should be granted. The 6th Amendment secures that no person will be deprived of life, liberty or property without due process of law. Therefore, the "the injured party" must appear and state he/she is owed a debt, the debtor must be given the right to challenge this debt for "validation" 15 USC 1692g. Only an "injured party" can claim a debt is owed. "Imaginary persons" cannot appear or give testimony and cannot be the "Plaintiff" of any cause of action. The attorney is acting as a "Foreign Agent" for a "Foreign State" (Corporation) who has commenced this action in violation of the 11th Amendment and in violation of 22 USC 611.

## XIII. FAILURE TO ESTABLISHING AGENCY:

The people have rights, Corporations do not have rights. Among these "Rights" is the right to contract, the people have this right under 42 USC 1981. The people exercise this right by their signature and/or Social Security Number. **Corporations cannot sign and therefore cannot enter into any contract, with an attorney.** The right to contract is reserved to the people. This is established by the age-old principle of "Agency". To establish an "Agency", the "Principal" must ask the "Agent" to perform a task. The "Agent" must agree to perform the task. It is a time-

tested principle, of "American Jurisprudence" that the "Court" must not rely upon the" Agent" to prove" Agency". The "Court" must follow the "Principal" to establish "Agency". The law is simple no "Principal" no "Agency" to "Capacity to Sue". Case must be dismissed.

### IXV. LEGAL PREJUDICE:

Legal prejudice refers to a condition shown by a party that will defeat the action of an opposing party. In other words, it is a fact or condition which may defeat the opposing party's case, if the same is established or shown by a party to litigation.

### XV. FRAUDULENT CIVIL ACTION WAS FILED IN STATE COURT:

This civil action filed against the plaintiff in State court was "Fraudulent" because the attorneys are claiming a "Corporation" has rights, privileges, and immunities in court, common knowledge dictates a Corporation is an artificial person without natural rights. For an attorney to file a civil action with a "Corporation" as "Plaintiff" is clear "Fraud on the Court". A "Corporation" cannot sign a "Power of Attorney" or give any attorney verbal instructions to act on its behalf. Therefore, no attorney can lawfully represent any "Corporation in court".

**Wherefore**, having set forth various causes of action against the defendants, the plaintiffs pray for the following relief:

1. This Court Void the foreclosure sale process that started on February 28, 2019 based on the attorney's fraudulent misconduct mentioned in the claim, and grant damages.

2. That the actions of defendants be determined to be unfair and deceptive business practices in violation of Federal Laws, and Federal Security statutes;

3. To have the alleged debt discharged.

4. To be awarded compensatory and punitive damages provided for in the amount of 2.0 million dollars including costs and legal expenses;

5. That the Plaintiff be awarded consequential damages to be fully proved at the time of trial;

6. That the Plaintiff be awarded fees and costs pursuant to the written loan agreements which bind the defendants; and

7. That the Court grant any other relief that may be just or equitable.

8. The defendants contact the credit reporting agencies and correct the false information that was reported to them.

_____
Letitia Johnson

Without Prejudice UCC 1-308

## CERTIFICATE OF SERVICE

I hereby certify that on the __17__ day of __March__, 2020, the foregoing document was filed in Court, and a copy was mailed out to Plaintiff's attorney on record.

_____
Letitia Johnson

14

Without Prejudice UCC 1-308

Mailed to the Following

Attorney							Bureau of Consumer

							Federal Trade Commission

							600 Pennsylvania Ave., NW Washington

## AFFIDAVIT OF LETITIA JOHNSON

STATE OF <u>Illinois</u>

COUNTY OF <u>     Cook          </u>

etha. J--n J  
Tharpe J.  
19 cv 07117

Exhibits reserved for another date due to being wrongfully evicted on 3/9/2020. I was unable to prepare all of the exhibits need. only have Exhibit A

Letitia B. Jean  
773-407-0910  
3/17/2020

15-077946

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CHANCERY DIVISION**

| | |
|---|---|
| ARGO BANK, N.A.<br>PLAINTIFF,<br><br>TIA M. JOHNSON A/K/A LETITIA JOHNSON;<br>ERAL SAVINGS AND LOAN ASSOCIATION OF<br>ICAGO; UNITED STATES OF AMERICA;<br>ITIBANK, N.A., SUCCESSOR IN INTEREST TO<br>ITIBANK (SOUTH DAKOTA), N.A.; STATE OF<br>ILLINOIS; UNKNOWN OWNERS AND NON-<br>RECORD CLAIMANTS<br><br>DEFENDANTS | NO. 15 CH 18342<br><br>CALENDAR NO: 64<br><br>PROPERTY ADDRESS:<br>10550 SOUTH LASALLE STREET<br>CHICAGO, IL 60628 |

## NOTICE OF MOTION

TO: Letitia M. Johnson a/k/a Letitia Johnson, 10550 South LaSalle Street, Chicago, IL 60628

Federal Savings and Loan Association of Chicago, c/o Secretary of State, Dept. of Business Services, 501 South 2nd Street, Room 328, Springfield, IL 62756

United States of America, c/o U.S. Attorney General, 219 South Dearborn Street, 5th Floor, Chicago, IL 60604

Citibank, N.A., Successor in Interest to Citibank (South Dakota), N.A., 701 East 60th Street North, Sioux Falls, SD 57104

State of Illinois, c/o Attorney General, 100 West Randolph, 13th Floor, Chicago, IL 60601

Unknown Owners and Non-Record Claimants, 10550 South LaSalle Street, Chicago, IL 60628

On ____APR 2 6 2017____, at 9:15 a.m. or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Spratt or any Judge sitting in his/her stead in the courtroom 2810 usually occupied by him/her in Cook County Circuit Court - Richard J. Daley Center, 50 West Washington Street, Chicago, IL 60602, and shall there and then present Plaintiff's Motion for Default, Judgment of Foreclosure and Sale, Motion for Order Appointing Selling Officer, Motion to Dismiss Unknown Owners and Non- Record Claimants and Motion to Dismiss Party Defendant.

Wells Fargo Bank, N.A.

_____
One of Plaintiff's Attorneys Christopher A. Cieniawa

THIS DOCUMENT IS EXECUTED WITH BLANKS PURSUANT TO COURT DIRECTIVE

Shapiro Kreisman & Associates, LLC
Attorney for Plaintiff
2121 Waukegan Road, Suite 301
Bannockburn, IL 60015
(847) 291-1717
ILNOTICES@logs.com
Attorney No: 42168

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. PLEASE BE ADVISED THAT IF YOUR PERSONAL LIABILITY FOR THIS DEBT HAS BEEN EXTINGUISHED BY A DISCHARGE IN BANKRUPTCY OR BY AN ORDER GRANTING IN REM RELIEF FROM STAY, THIS NOTICE IS PROVIDED SOLELY TO FORECLOSE THE MORTGAGE REMAINING ON YOUR PROPERTY AND IS NOT AN ATTEMPT TO COLLECT THE DISCHARGED PERSONAL OBLIGATION.