IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LETITIA M. JOHNSON, | ) |
| Plaintiff, | ) |
| v. | ) No. 19 C 07117 |
| WELLS FARGO HOME MORTGAGE, N.A., et al., | ) Judge John J. Tharp, Jr. |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Letitia Johnson, proceeding *pro se*, brings a complaint asserting a claim based on a state court foreclosure action that resulted in the sale of her home. Defendant Wells Fargo Home Mortgage, N.A. moved to dismiss the amended complaint on several grounds, including lack of subject-matter jurisdiction. For the reasons explained below, the Court agrees that it lacks subject-matter jurisdiction to consider Johnson's amended complaint. Accordingly, the Court does not reach the defendant's other grounds for dismissal. The motion to dismiss the amended complaint is granted.

### BACKGROUND

Plaintiff Letitia Johnson alleges that on or about April 13, 2006, she obtained a mortgage loan from defendant Wells Fargo Bank, N.A. d/b/a Wells Fargo Home Mortgage, N.A. Am. Compl. ¶ 2.1. She states that she made payments beginning in May or June 2007 through February 2017. *Id.* ¶ 11.2. In February 2017, she alleges, Wells Fargo claimed that she was behind on her payments, and a foreclosure action in Cook County Circuit Court, Chancery Division followed.

*Id.* ¶ 11.3. Johnson asserts myriad legal theories in her amended complaint,[1] but the premise of all of them is that the defendants wrongfully procured the state court foreclosure order. As relief, Plaintiff asks this Court to "Void" the foreclosure sale process . . . and grant damages." Defendant Wells Fargo has moved to dismiss the complaint. Johnson filed a response brief addressing Wells Fargo's *Rooker-Feldman* argument and sought an extension of time to respond to the rest of the motion to dismiss. Because the *Rooker-Feldman* doctrine is dispositive, further response is unnecessary.

## DISCUSSION

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a court must dismiss a claim if it lacks subject-matter jurisdiction over it. *Illinois v. City of Chicago,* 137 F.3d 474, 478 (7th Cir. 1998) ("Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further."). When deciding a motion to dismiss pursuant to Rule 12(b)(1), the Court accepts "as true all facts alleged in the well-pleaded complaint and draw[s] all reasonable inferences in favor of the plaintiff." *Scanlan v. Eisenberg,* 669 F.3d 838, 841 (7th Cir. 2012). Because Johnson is proceeding *pro se*, her filings must be liberally construed. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). Courts assess subject-matter jurisdiction before addressing other defenses. *See Winslow v. Walters,* 815 F.2d 1114, 1116 (7th Cir. 1987).

Johnson's claims challenge the foreclosure order entered by the Cook County Circuit Court in Case No. 2015-CH-18342 and the defendants' conduct related to the foreclosure action. This is

---

[1] The amended complaint includes counts asserting wrongful foreclosure and fraud in the foreclosure action, that there never was a loan, that the defendants acted as part of a conspiracy to deprive her of her property, claims under RICO and the Illinois Consumer Fraud Act, and slander and intentional infliction of emotional distress in connection with the foreclosure action.

not merely the Court's characterization of her claims; it is Ms..Johnson's as well: "The Plaintiff filed her complaint for wrongful foreclosure . . . to address her injuries from the wrongful foreclosure filed against her in State court by the defendant's." Resp., ECF No. 40, at 1. Such claims are barred by the *Rooker-Feldman* doctrine, which precludes federal district courts from exercising subject-matter jurisdiction over claims brought by parties challenging adverse state court judgments. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). The doctrine applies with full force where, as here, a plaintiff challenges state court foreclosure orders and actions taken by the federal defendants to procure and give effect to such orders. *See, e.g.*, *Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 603 (7th Cir. 2008) (*Rooker-Feldman* "applies not only to claims that were actually raised before the state court, but also to claims that are inextricably intertwined with state court determinations"); *Holt v. Lake Cty. Bd. of Commis.*, 408 F.3d 335, 336 (7th Cir. 2005) (*Rooker-Feldman* applies where, "absent the state court's judgment evicting him from his property, [the plaintiff] would not have the injury he now seeks to redress"); *GASH Assocs. v. Village of Rosemont*, 995 F.2d 726, 728-29 (7th Cir. 1993) (claim barred by *Rooker-Feldman* where the plaintiff's injury "came from the judgment confirming the [foreclosure] sale"); *Bryan v. Belvidere Nat'l Bank,* No. 04-CV-50009, 2004 WL 1345096, at *3 (N.D. Ill. June 14, 2004) ("Plaintiffs cannot now claim that [the defendant's] post-litigation conduct in accepting the [foreclosure] judgment gives them a cause of action in federal court. To do so further suggests that

plaintiffs' true motive is to overturn the Illinois court's foreclosure judgment, which is precisely the type of review that *Rooker-Feldman* is intended to prohibit.").

Further, and contrary to Ms. Johnson's contention in her response to the motion to dismiss,[2] claims of fraud in the foreclosure proceeding are also covered by *Rooker-Feldman*, as "fraud (no matter how described) does not permit a federal district court to set aside a state court's judgment in a civil suit." *Iqbal v. Patel*, 780 F.3d 728, 730 (7th Cir. 2015). Similarly, claims of conspiracy to deprive Johnson of her property are also barred by *Rooker-Feldman*. *See Riddle v. Deutsche Bank Nat. Trust Co.*, 599 F. App'x 598, 600 (7th Cir. 2015) (because "it was the state-court judgment that authorized the foreclosure and subsequent sale of [the plaintiff's] house," plaintiff's conspiracy claim in his "federal lawsuit is thus an attack on that judgment and is barred by the *Rooker-Feldman* doctrine").

Though Johnson brings myriad legal theories, they are all premised on the claim that the state court foreclosure was wrongful and that this Court has the authority to remedy that wrong. The Court acknowledges Johnson's sincerely held view that the defendants committed various wrongs against he in procuring the foreclosure order; however, because Johnson's claims directly challenge, and are "inextricably intertwined" with, the state court foreclosure action, this Court does not have jurisdiction over her claims and her amended complaint must be dismissed. Because *Rooker-Feldman* disposes of these claims on jurisdictional grounds rather than on the merits, the

---

[2] The only other argument Ms. Johnson offers in opposition to application of the *Rooker-Feldman* doctrine is that the doctrine bars only those who were plaintiffs in the state court proceeding from challenging a state court judgment in federal court. She cites no authority for such a rule, however, which is entirely inconsistent with the many cases applying the doctrine against homeowners who were defendants in state foreclosure proceedings. See, most recently, for example, *Kasprzyk v. Axiom Fin. LLC*, 811 F. App'x 381, 382 (7th Cir. 2020) (affirming dismissal of complaint brought by homeowner who was a defendant in state court foreclosure action that resulted in entry of a judgment of foreclosure by the state court).

dismissal is without prejudice. *See Frederiksen v. City of Lockport,* 384 F.3d 437, 438-39 (7th Cir. 2004). This ruling does not preclude Ms. Johnson from bringing her claims in a court that has jurisdiction to adjudicate them. This Court does not.

* * * * *

For the foregoing reasons, the Court concludes that it lacks subject-matter jurisdiction over the claims in Johnson's amended complaint. Thus, the Court does not reach the defendant's other grounds for dismissal. Wells Fargo's motion to dismiss the amended complaint is granted.

Date: 8/14/2020                                     /s/ John J. Tharp, Jr.
                                                    John J. Tharp, Jr.
                                                    United States District Judge